UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T-3 ENTERPRISES, INC.<br><br>        Plaintiff,<br><br>   v.<br><br>INTERNAL REVENUE SERVICE,<br><br>        Defendant. | CIVIL ACTION<br><br>No. 01-5442 |

**MEMORANDUM/ORDER**

Plaintiff has electronically filed a "Motion to Reopen," Docket No. 19, and a "Motion Requesting Sanctions," Docket No. 20.  Defendant has not responded to either motion.  Neither motion contains a certificate of service.

Electronic service of a motion is only valid with the opposing party's consent. Fed. R. Civ. P. 5(b)(2)(E).  It is unclear from the docket, in this case, whether defendant has consented to electronic service.  Indeed, it is unclear whether defendant has even been made aware that plaintiff is seeking to reopen this case, which has been inactive since April 2004.  *See* Docket No. 18.

Local Rule of Civil Procedure 5.1.2(8)(b) requires that "[a]ll documents filed using the ECF system shall contain a Certificate of Service."  If plaintiff's motions conformed to the requirements of this rule, the court could be assured that defendant has consented to

electronic service, since "[t]he Certificate of Service must identify the manner in which service on each party was accomplished, including any party who has not consented to electronic service." E.D. Pa. Civ. R. 8(b). Given its lack of assurance that defendant has received notice of plaintiff's motions, the court will dismiss plaintiff's motions, without prejudice to resubmission, as improperly filed under Local Civil Rule 8(b).

Accordingly, this 20th day of June, 2008, it is hereby ORDERED that plaintiff's "Motion to Reopen," Docket No. 19, and "Motion Requesting Sanctions," Docket No. 20, are DISMISSED without prejudice to resubmission.

BY THE COURT:

/s/ Louis H. Pollak_____
Pollak, J.