UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T-3 ENTERPRISES, INC.<br><br>           Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>           Defendant. | CIVIL ACTION<br><br>No. 01-5442 |

**OPINION**

Plaintiff T-3 Enterprises, Inc. has filed a resubmission of its request to reopen this case against defendant Internal Revenue Service ("IRS"). T-3 also requests that this court impose sanctions on IRS.

T-3 filed its complaint in this action on October 26, 2001, seeking to review two of the IRS's determinations in certain tax collection actions taken for three tax periods in 1998–specifically, 1) the IRS's refusal to reduce interest and abate penalties levied due to plaintiff's tax delinquency; and 2) the IRS's denial of plaintiff's request for an installment agreement and/or offer in compromise. On July 23, 2003, this court, on cross-motions for summary judgment, remanded this matter to the IRS "to afford that Office the opportunity to clarify the legal and factual basis of its conclusion that the plaintiff failed to establish

-1-

'reasonable cause' for an abatement of penalties and interest for the quarter ending June 30, 1998." Docket No. 16. The IRS sought reconsideration, arguing that this court had employed the wrong standard of review in its evaluation of the motions for summary judgment; that motion for reconsideration was denied on April 6, 2004. T-3 sought to reopen the case and to impose sanctions on IRS on January 15, 2008. Docket No. 19, 20. The court denied both requests, without prejudice to resubmit, for failure to properly file and serve the motions as required by Local Civil Rule 8(b). Docket No. 21. IRS has now been properly served with the motions and has responded.

T-3 styles its first request as one to reopen the case, arguing that "IRS has not complied with the July 23, 2003 or the April 6, 2004 order." Docket No. 22 at 2. T-3 recites the payment history and calculations reflected in the IRS records between the time of the court's July 2003 remand and the end of 2007. T-3 asserts that, during all this time, IRS has not complied with the court's remand order. T-3 then seeks sanctions, specifically in the form of an order abating the penalty owed for the June 30, 1998 period by $7,920.60 and reducing the interest owed for that period to $0.[1]

IRS, in response, does not state–or even intimate–that it has, in fact, complied with the court's remand order, but rather asserts that "Plaintiff does not indicate how defendant

---

[1] To the extent T-3 seeks the court's involvement regarding penalties and interest levied against third parties Herbert or Michael Tiedeken, those individuals are not parties to this case, and no challenge to collection activity taken against either Tiedeken is properly before this court. Similarly, to the extent T-3 wishes to challenge IRS's calculations, those issues are not properly present in this case.

allegedly failed to comply with the Court's order." Docket 23 at 2. This glib statement glosses over IRS's duty to comply with this court's order. An agency's failure to adhere to a court's remand order in the subsequent administrative proceedings is itself legal error. *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989); *Mefford v. Gardner*, 383 F.2d 748, 758-759 (6th Cir. 1967). T-3 was not responsible for ensuring compliance with the court's remand order; instead:

> on the remand of a case after appeal, it is the duty of the lower court, or the agency from which appeal is taken, to comply with the mandate of the court and to obey the directions therein without variation and without departing from such directions; and that after a cause has been determined on appeal, the court or agency from which the appeal is taken is without power to open or modify the judgment or order of the appellate court, or to alter or relieve from the precise fulfillment of a specified condition on which the effect of the appellate judgment is made to depend. Moreover, if the cause is remanded with specific directions, further proceedings in the trial court or agency from which appeal is taken must be in substantial compliance with such directions; and if the cause is remanded for a specified purpose, any proceedings inconsistent therewith is error....

*Mefford*, 383 F.2d at 758 (citation omitted). It has not been, and is not now, up to T-3 to "indicate how defendant [the IRS] allegedly failed to comply with the Court's order" of July 23, 2003, reaffirmed by this court's April 6, 2004 order. It has been, and is now, the duty of the IRS to comply with the court's order. T-3's request to reopen this case is granted.

IRS asserts that "[t]he only thing the Court directed defendant to do was have the IRS Appeals office clarify its basis for its conclusion that plaintiff had failed to establish reasonable cause." This is a correct statement of what the court directed in its remand

order; however, the court cannot tell, from the record as it presently stands, whether IRS did so. T-3 attached to its motion to reopen the case a letter from IRS to T-3 in response to an inquiry from T-3 about the penalty owed for the June 30, 1998 tax period (the period covered by the July, 23 2003 order). In the letter, dated October 5, 2007, IRS indicates: "We have thoroughly reviewed your case, but we find that the information provided does not establish reasonable cause. Therefore, we must deny the request to remove your penalty(s)." Ex. 4. T-3 correctly points out that this language is the same language that IRS was directed to clarify by the July 2003 remand. T-3 asserts that no other clarification was provided; IRS does not respond to this claim or provide any supplemental documentation to indicate that the agency took at all seriously the court's direction to "to clarify the legal and factual basis of its conclusion that the plaintiff failed to establish 'reasonable cause.'"

  T-3 styles its second request as a request for sanctions for this apparent failure of compliance and seeks specific relief in the form of abatement of penalties. The court construes this request as a request to use civil contempt to enforce the prior order. District courts enjoy "inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990). A district court can use civil contempt "to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience." *McDonald's Corp. v.*

*Victory Investments*, 727 F.2d 82, 87 (3d Cir. 1984) (citations omitted).[2] District courts "hearing civil contempt proceedings are afforded broad discretion to fashion a sanction that will achieve full remedial relief." *John T. ex rel Paul T. v. Delaware County*, 318 F.3d 545, 554 (3d Cir. 2003). It is not apparent that the present controversy calls for utilization of the court's civil contempt authority.

The court is troubled by IRS's apparently nonchalant view of the court's remand directive. It is long past time for the IRS to comply with this court's remand order of July 23, 2003. In an accompanying order the IRS is directed to file, within thirty days, a pleading responsive to the remand order. T-3 may respond within fifteen days of IRS's submission if T-3 feels a response is required. An appropriate order accompanies this opinion.

---

[2] Civil contempt thus stands in contrast with criminal contempt, the purpose of which is to punish past acts of disobedience and vindicate the authority of the court. *United States v. United Mine Workers*, 330 U.S. 258, 302 (1947).